

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL.

July 18, 1952

Hon. H. A. Beckwith
Chairman, Board of Water Engineers
Austin, Texas

Opinion No. V-1482

Re: Authority of the Board of
Water Engineers to distin-
guish between "receiving"
and "filing" applications
to enable the return of
filing fees after prelimi-
nary examinations of appli-
cations.

Dear Sir:

In your request for an opinion you state:

"The Board of Water Engineers has
required all fees to be paid at the time
an application is 'received'; the Board
then makes preliminary examination under
Article 7503, and if the application is
rejected it has been the practice of the
Board to return all fees. No application
is now 'filed' until all amendatory matter
is requested and obtained. The applica-
tion, etc., is now kept in a 'received'
status until the file is complete."

You then state other possible interpretations of the
statute and ask:

"1. Do existing statutes govern-
ing the Board of Water Engineers of Texas
allow the 'receiving' of applications and
preliminary examination thereof before
same are 'filed,' or must applications be

548

'filed' immediately upon receipt of
same with correct fees, and preliminary
examination then be made under Article
7503, R.C.S., 1925?

"2.  Does the last paragraph of
Article 7532, R.C.S., 1925, prevent the
Board of Water Engineers of Texas from
returning any filing fees?

"3.  If the Board must 'file' an
application before preliminary examination
is made, can the Board adopt a rule so as
to require submission of corrective data
within ten (10) days or other reasonable
time, after preliminary examination is
completed and further provide that any ap-
plicant who fails to amend and furnish the
required data within such time may suffer
the rejection of his application for failure
to comply with Board rules?"

The following articles of Vernon's Civil Statutes
are pertinent to your inquiry:

Art. 7501 -- "Every such application
shall be accompanied by the fees herein-
after provided, and shall not be filed or
considered until such fees are paid."

Art. 7503 -- "Upon the filing of such
application, accompanied by the data and
fees hereinbefore provided, it shall be
the duty of the Board to make a preliminary
examination thereof and, if it appear that
there is no unappropriated water in the
source of supply, or that, for other reasons,
the proposed appropriation shall not be al-
lowed, the Board may thereupon reject such
application; in which case, if the applicant
shall elect not to proceed further, the
Board may return to such applicant any part
of the fees accompanying such application."

Art. 7504 -- "The Board shall determine
whether the application, maps, plats, con-

> tours, plans, profiles and statements
> accompanying same are in compliance
> with the provisions of the Board and
> may require the amendment thereof."

Articles 7503 and 7504 were passed as different paragraphs of Section 22 of Acts 35th Leg., R.S. 1917, ch. 88, p. 211, and should be construed accordingly. You will note that the first sentence of Article 7503 indicates that the application should be "accompanied by the data and fees" provided in the statute before it is filed. The data which should accompany an application is set out in Articles 7493, 7494, and 7500, V.C.S. The Board is directed in Article 7504, V.C.S., to determine if this data complies with the requirements.

That the application should not be filed until it is received in proper form is further indicated by Article 7523, V.C.S., which provides that the priority of the appropriation "shall date from the filing of the original application in the office of the Board." The Legislature would not have intended a priority to date from the submission of an incomplete application. This has long been the interpretation given the statute by the Board of Water Engineers. Article 7488, V.C.S., gives the Board power to make all needful rules for its government and proceedings. Pursuant to this article, the Board adopted Rule 3, Rules and Regulations of the Board of Water Engineers, which provides:

> "All applications for permits to use
> or store water, which are not in conformity
> with the statute, or are not accompanied by
> the required filing fees, shall be, if in
> the judgment of the Board it be necessary
> to amend or revise same, returned to the ap-
> plicant; but if the filing fees be insuffi-
> cient such application may be held pending
> notice to the applicant of amount of fees
> necessary. In no event shall an applicant
> have priority based on any other dating than
> that which indicates the date of receipt in
> this office of the corrected application, and
> the receipt of the full filing fees."

In the absence of provisions of the statute to the contrary, this departmental construction and rule is persuasive. Shaw v. Strong, 128 Tex. 65, 96 S.W.2d 276, 291 (1936); Koy v. Schneider, 110 Tex. 369, 221 S.W. 880 (1920)

In answer to your first question, therefore, the application should not be filed until the requirements with respect to the form of the application and accompanying data and fees have been complied with.

However, it is our opinion that the "preliminary examination" mentioned in Article 7503 does not refer to examination for the purpose of determining the sufficiency of the application and accompanying data as to form, which would take place before the application is filed. After the application is filed, the Board then makes the preliminary examination mentioned in Article 7503 for the purpose of ascertaining whether the application should be denied for any of the reasons set out in that article.

In your second question you inquire whether filing fees may be returned by the Board. Article 7532, V.C.S., provides, in part:

"The board shall charge and collect for the benefit of the State the fees hereinafter provided, . . . said fees being as follows:

". . .

"For filing each application for a permit a fee of $25.00 and cost of publishing notice and mailing notices.

". . .

"The fees paid upon application for a permit other than the filing fees herein provided shall be held by the Board until said application is passed upon, and if the same is not granted such fees shall be returned to the applicant therefor, provided if such application is thereafter granted by judgment of a court, then said fee shall be paid before such permit shall be effective."

Article 7532 directs that certain fees not
including the filing fee shall be returned under given
conditions. It does not preclude the return of the
filing fee. Article 7503 provides that upon the filing
of the application, the Board is to make a preliminary
examination thereof and if there is no unappropriated
water or if, for other reasons, the appropriation
should not be allowed and the applicant shall not elect
to proceed further, "the Board may return to such ap-
plicant any part of the fees accompanying such appli-
cation." Therefore, the Board may, in its discretion,
return any part of the filing fee where it has denied
the appropriation on preliminary examination.

As Article 7532 directs the collection of a
fee for filing the application and Article 7503 contains
the only provision allowing a refund, the filing fee
should be retained in all cases where the application
has been filed unless the application is denied on the
basis of the preliminary examination. That part of the
filing fee collected in advance for cost of publishing
notice and mailing notices should, of course, be refunded
where such costs are not incurred.

In answer to your third question, the filing of
an application would not preclude the Board from there-
after requiring further amendment or supplemental material
as provided in the statutes. Under the power conferred by
Article 7488, the Board could adopt a rule requiring the
amendment to be made within a reasonable time to be speci-
fied in each instance.

The conclusions reached in this opinion are
based upon the provisions of the particular statutes
here involved. They are not intended to apply generally
to statutes which make no distinction between the sub-
mission of an application and its filing, nor do they
necessarily apply where the statute makes no provision
for a return of the filing fee.

## SUMMARY

The Board of Water Engineers upon receiving an application for appropriation of water should refuse to file it unless it is in the statutory form and accompanied by the required data and fees. Upon the filing of the application, if it appears on preliminary examination that there is no unappropriated water in the source of supply or that for other reasons it should not be allowed, the Board may reject the application and return any part of the filing fees the Board deems proper, Otherwise, the Board should retain all fees properly charged for filing the application.

The Board may adopt a rule requiring amendatory or supplemental material to be filed within a reasonable time.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

Jesse P. Luton
Land Division

By  *K B. Watson*
K. B. Watson
Assistant

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

KBW:bt